```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                       DISTRICT OF VERMONT
```

MICHAEL MONTGOMERY, MEAGAN MARIA    :
CLAPP, and AARON JOY MONTGOMERY,    :
    Plaintiffs,                     :
                                    :
          v.                       :    Case No. 2:05-cv-251
                                    :
NLR COMPANY; CHESHIRE HANDLING      :
CORPORATION, d/b/a RIVERSIDE        :
RELOAD CENTER; GREEN MOUNTAIN       :
RAILROAD CORPORATION, d/b/a GREEN   :
MOUNTAIN INTERMODAL; VERMONT        :
RAILWAY TRUCKING, INC.; VERMONT     :
RAILWAY, INC., d/b/a VERMONT RAIL   :
SYSTEMS; RAILWAY SERVICES, INC.;    :
and NEWLEASACO, INC.                :
                                    :
    Defendants.                     :

## MEMORANDUM and ORDER

The Plaintiffs have moved, pursuant to Rule 19(a) of the Federal Rules of Civil Procedure, to join Zurich North America Specialty Claims, Steadfast Insurance Company ("Zurich"), as a defendant in this action. The motion is **denied.**[1]

According to Plaintiffs, Zurich is an insurer of Defendant NLR Company.[2] Rule 19(a) provides for joinder

    if (1) in the person's absence complete relief cannot

---

[1]  Because of the disposition of Plaintiffs' Rule 19 motion, their "Motion for Declaratory Judgment" is **denied as moot.**

[2]  A copy of a comprehensive liability insurance policy for the period October 1, 2002 to October 1, 2003 lists Defendants NLR Company, Vermont Railway Trucking and NEWLEASCO [sic] among others as named insureds, and defines an "insured" as the named insured, its subsidiaries and owned or financially controlled companies, and any officer, director, partner or employee of a named insured while acting in their capacity as such. *See* Pls.' Mot. to Join, Ex. 2 at 1, 3, 27 (Doc. 56).

> be accorded among those already parties, or (2) if the
> person claims an interest relating to the subject of
> the action and is so situated that the disposition of
> the action in the person's absence may (i) as a
> practical matter impair or impede the person's ability
> to protect that interest or (ii) leave any of the
> persons already parties subject to a substantial risk
> of incurring double, multiple, or otherwise
> inconsistent obligations by reason of the claimed
> interest.

Fed. R. Civ. P. 19(a).

Joinder is not appropriate under Rule 19(a)(1). Plaintiffs can obtain complete relief against the entities already parties to this suit without the presence of Zurich in the case. *See MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*, ___ F.3d ___, Nos. 06-4433-cv(L), 06-4947-cv(CON), 2006 WL 3716896, at *6 (2d Cir. Dec. 18, 2006). That an issue exists as to whether Zurich may deny coverage to NLR Company on Montgomery's claim does not render Zurich a necessary party in a lawsuit to determine whether NLR Company and/or any of its co-defendants will be liable to Montgomery. Neither does Plaintiffs' purported need to obtain discovery concerning the insurance claim support joinder under Rule 19(a). *See Johnson v. Smithsonian Inst.*, 189 F.3d 180, 188-89 (2d Cir. 1999) (disapproving use of Rule 19 as means of obtaining discovery).

Joinder is not appropriate under Rule 19(a)(2)(i) or (ii). For joinder under Rule 19(a)(2) "[i]t is the absent party that must 'claim an interest.'" *Peregrine Myanmar Ltd. v. Segal*, 89 F.3d 41, 49 (2d Cir. 1996); *accord ConnTech Dev. Co. v. Univ. of*

2

*Ct. Educ. Props., Inc.*, 102 F.3d 677, 682 (2d Cir. 1996).  Zurich has not asserted that it must be allowed to join the suit in order to protect its interests.  Whether or not Zurich claims an interest relating to the subject of this action, however, Zurich's ability to protect its interest is not impaired by failing to join it to this action.  It does not appear that any ruling in this case will require Zurich to take a position or to alter it with regard to insurance coverage.  And the current defendants are not at risk of incurring multiple or otherwise inconsistent obligations as a result of Zurich's absence.

Accordingly, Plaintiffs' Rule 19 motion for joinder is **denied**, and their motion for declaratory judgment is **denied as moot**.

Dated at Burlington, in the District of Vermont, this 18th day of January, 2007.

/s/ William K. Sessions III
William K. Sessions III
Chief Judge
U.S. District Court
