```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                       DISTRICT OF VERMONT

MICHAEL MONTGOMERY, MEAGAN MARIA     :
CLAPP, and AARON JOY MONTGOMERY,     :
     Plaintiffs,                     :
                                     :
              v.                     :    Case No. 2:05-cv-251
                                     :
NLR COMPANY; CHESHIRE HANDLING       :
CORPORATION, d/b/a RIVERSIDE         :
RELOAD CENTER; GREEN MOUNTAIN        :
RAILROAD CORPORATION, d/b/a GREEN    :
MOUNTAIN INTERMODAL; VERMONT         :
RAILWAY TRUCKING, INC.; VERMONT      :
RAILWAY, INC., d/b/a VERMONT RAIL    :
SYSTEMS; RAILWAY SERVICES, INC.;     :
and NEWLEASACO, INC.                 :
                                     :
     Defendants.                     :
```

MEMORANDUM and ORDER

The parties have submitted several pretrial motions. This memorandum and order addresses Plaintiff's Motion for Factual Findings (Doc. 157), Plaintiff's Motions in Limine (Docs. 162-170), Plaintiff's Supplemental Motion in Limine (Doc. 172), and Defendants' Motion to Compel (Doc. 181), Defendants' Motion for Certificate of Appealability and Motion for Stay (Docs. 184 & 186), and Defendants' Amended Motion in Limine (Doc. 188).

1. **Defendants' Motion to Certify the Court's September 24, 2007 Order with Respect to the Statute of Limitations for an Immediate Appeal Pursuant to 28 U.S.C. § 1292(b) and for a Stay Pending that Appeal**

For the reasons stated below, the Court hereby **denies** the Motion to Certify. The standard for certification of an interlocutory order is set forth in 28 U.S.C. § 1292(b): a

district judge issuing an order in a civil action that is not otherwise appealable under § 1292, may certify the order for immediate appeal if he "shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."  That determination lies within the discretion of the district court.  *Latouche v. N. Country Union High School Dist.*, 131 F. Supp. 2d 568, 573 (D. Vt. 2001).

    Defendants seek to take an immediate appeal of this Court's determination that the FELA statute of limitations may be subject to equitable tolling for mental incapacity.  Although this issue may involve a controlling question of law, and there may be substantial ground for differences of opinion, the Court is not persuaded that an immediate appeal may materially advance the termination of the litigation.

    Defendants filed their motion for certification and request for stay on the eve of jury selection.  The statute of limitations defense and the availability of equitable tolling has been extensively litigated, the Defendants having filed their first motion on the issue in November 2005.  The Court first held that equitable tolling may apply in this case in May 2006.  The Court determined then, and in its August 2, 2007 oral ruling

denying summary judgment, and in its September 24, 2007 written decision commemorating that ruling, that a full factual record is necessary to address whether under the circumstances of this case equitable tolling should apply.  Rather than advance the termination of litigation, certification of this issue delays resolution of the statute of limitation defense, given that the nature and timing of Montgomery's incapacity is both fact-dependent and contested.

Whether the jury resolves the facts in favor of Plaintiff's or Defendants' position, or whether upon consideration of the facts as they emerge at trial the Court determines that equitable tolling is unavailable as a matter of law, the appellate court will have a complete factual record upon which to base its decision.  This litigation will be advanced most efficiently by permitting the matter to continue to trial.

Defendants' Motion to Certify the Court's September 24, 2007 Order with Respect to the Statute of Limitations for an Immediate Appeal Pursuant to 28 U.S.C. § 1292(b) and for a Stay Pending that Appeal (Docs. 184 & 186) is **denied.**

**2.   Plaintiff's Motions in Limine**

Plaintiff Michael Montgomery seeks to exclude various pieces of evidence, testimony or comments from trial.

    **a.   Any evidence or argument pertaining to collateral sources.**

Plaintiff seeks to exclude evidence relating to his receipt of worker's compensation benefits and payments for medical expenses, medical devices, home modifications or vehicles. He also seeks to exclude reference to his eligibility for Social Security benefits and Medicare. He argues that these items are collateral sources and therefore are inadmissible. Defendants argue such information is relevant to the statute of limitations issue, since the scope of representation provided by Attorney Bixby is important in determining the timing and scope of the representation.

The existence of Plaintiff's worker's compensation claim is relevant to the timing and scope of his attorney's representation. It is therefore directly related to the statute of limitations defense, and Defendants are permitted to introduce evidence concerning the existence of a worker's compensation claim. The results of such a claim, however, have no bearing upon the timing and scope of the representation. Payments to Plaintiff as a product of his workers' compensation case has no relevance to the statute of limitations issue, and introduction of such evidence would be confusing to the jury and highly prejudicial. Defendants may introduce evidence regarding the dates of application for worker's compensation, but any evidence regarding payments is excluded. The request is **granted in part and denied in part.**

**b.     Plaintiff's child support payments.**

Apparently Plaintiff failed to make child support payments in the 1960s and 1970s.  Defendants seek to introduce the failure to pay support as evidence that he is not close with his family, and any claims he may have regarding the value of his familial associations is therefore diminished.  Failure to pay child support is clearly irrelevant, and its introduction would be highly prejudicial.  Such evidence is excluded under Rule 403.

**c. Plaintiff's financial condition prior to the accident.**

Defendants seek to introduce the fact that Plaintiff had to hitch-hike to work and had to borrow money from a friend to prove lack of family support.  This evidence is clearly irrelevant, prejudicial, and barred under Rule 403.

**d.     Evidence casting aspersions on character.**

Plaintiff seeks to exclude general attacks on his character. The use of character evidence will have to be analyzed in the context in which it is offered, and the request is **denied**.

**e.     Plaintiff's belief Michael Whitcomb was a good forklift operator.**

Generally, Plaintiff's belief that Michael Whitcomb was a good forklift operator would be inadmissible under Rule 404(a). However, such evidence may be relevant to questions of comparative negligence.  Just as an example, Plaintiff's

assessment of Whitcomb's competence may be relevant to whether Plaintiff acted with due care.  The motion is **denied without prejudice** at this point, since the evidence must be assessed in the context of the trial.

    **f.   Reference to 1966 motor vehicle accident.**

Defendants do not seek to introduce this evidence.  It is therefore **denied as moot**.

    **g.   Assumption of risk/contributory negligence.**

The parties agree that the defense of assumption of risk is not permitted in FELA claims, while evidence relating to contributory negligence is relevant.  Plaintiff requests the Court to exclude a contributory negligence defense, essentially arguing there is no evidence to suggest Plaintiff was negligent.

The request is premature and **denied without prejudice**.  Defendants are permitted to introduce evidence regarding contributory negligence, and the Court will then be able to determine upon the state of the record whether an instruction on contributory negligence is justified.

    **h.   Plaintiff not an employee of Green Mountain Railroad.**

This issue will be addressed in Plaintiff's motion for factual findings.

    **i.   Plaintiff's state court pleadings and other documents.**

Defendants seek to introduce previous positions taken by Plaintiff in the state litigation.  Such positions would be

admissible only if Defendants could show that Plaintiff succeeded in his position.  The same is true if Plaintiff offers to introduce positions taken by Defendants in state court proceedings, such as positions regarding the relationship among the various corporate entities.  Certainly if positions taken by Plaintiff were adopted as a matter of law by the state courts, and the context in which those positions are asserted suggest they are relevant and reliable when proffered in the trial, such positions may be introduced.  Similarly, if such positions were not adopted by the courts, those positions may be inadmissible.  At this point, there are so many variables regarding this issue the Court reserves judgment for trial.

**3.     Plaintiff's Supplemental Motion in Limine and Defendants' Motion to Compel Testimony and Production of Plaintiff's Counsel's File**

Defendants seek to depose Attorneys Bixby and McCarty concerning the timing and scope of their representation of Michael Montgomery in 2002, to introduce their testimony at trial, and the production of their entire client file.  Provided the deposition is limited to the time period 2002, this evidence is highly relevant to the statute of limitations defense, and Defendants are afforded the opportunity to depose Attorneys Bixby and McCarty solely on the issue of the timing and scope of their representation in 2002.  Plaintiff will be afforded the opportunity to question the attorneys as well.  The request is

**granted in part.**

Defendants also seek disclosure of the attorneys' entire client file.  Such a request is clearly overbroad and prejudicial.  The Court feels confident Defendants can question these witnesses based upon their knowledge of the case without the necessity of invading attorney-client privilege to the extent that they seek.  The request is **denied.**

Defendants also seek to introduce testimony from Attorneys Bixby and McCarty at trial; Plaintiff seeks an order prohibiting Defendants from calling them.  The requests are **denied without prejudice** to renew the motions within the context of the trial, to enable the Court to weigh the Defendants' necessity for the evidence against the prejudice to Plaintiff.  The Court notes that prejudice to the Plaintiff is diminished somewhat by Attorney Kvas' concurrent representation of Plaintiff.

Plaintiff also seeks to prevent Defendants from presenting evidence that Rhodella Montgomery contacted counsel.  This evidence is relevant to the statute of limitations defense; the request is **denied**.

Accordingly, Plaintiff's supplemental motion in limine is **denied in part and denied in part without prejudice.**  Defendants' motion to compel testimony and production is **granted in part, denied in part, and denied in part without prejudice.**

4. **Defendants' Motions in Limine**

Defendants seek the exclusion of evidence in a number of areas.

**a.   Treating Physicians Dr. Demas and Dr. Bagley.**

Defendants seek to exclude the testimony of Drs. Demas and Bagley for failure to disclose their opinions pursuant to Fed. R. Civ. P. 26(a)(2).  As treating physicians, not witnesses "retained or specially employed to provide expert testimony in the case," Plaintiff was required to comply with Rule 26(a)(2)(A), not Rule 26(a)(2)(B), and need not have submitted a written report.  *See Kent v. Katz*, 2000 WL 33711516 at *2 (D. Vt. 2000); Fed. R. Civ. P. 26 advisory committee's note, 1993 amends.  The request is **denied**.

**b.   Dr. Cantu.**

Plaintiff does not intend to call Dr. Cantu; the request is **denied as moot.**

**c.   Kris Matson, CNA Life Care Planner.**

Plaintiff does not intend to call Matson; the request is **denied as moot.**

**d.   James Sottile.**

Sottile is a retired FELA investigator with knowledge of federal regulations pertaining to railroad accident reporting.  He provided an affidavit and report in which he opines that Green Mountain Railroad and Vermont Railway, Inc. are the master corporations of NLR Company, and that NLR Company was created to

9

"hide from the scrutiny" of various federal agencies.  Sottile's expert report was provided to Defendants well beyond the deadline for expert reports.  Moreover, the subject matter of his testimony essentially directs the jury to conclude that "Mr. Montgomery was an employee of the parent railroad," Pl.'s Opp'n at 4, and is inadmissible.  "Generally, the use of expert testimony is not permitted if it will 'usurp either the role of the trial judge in instructing the jury as to the applicable law or the role of the jury in applying that law to the facts before it.'" *United States v. Duncan*, 42 F.3d 97, 101 (2d Cir. 1994) (quoting *United States v. Bilzerian*, 926 F.2d 1285, 1294 (2d Cir. 1991)).  The request is **granted.**

    **e.**    **Ron Cepetelli.**

Plaintiff does not intend to call Cepetelli; the request is **denied as moot**.

    **f.**    **VOSHA report.**

Defendants object that the Vermont Department of Labor & Industry Citation and Notification of Penalty report contains inadmissible hearsay as well as irrelevant material.  Plaintiff agrees to the redaction of inadmissible hearsay and irrelevant material.  If the parties are unable to stipulate to a redacted report, the Court will determine the remaining issues when Plaintiff seeks admission of the report.  The request is **denied without prejudice.**

### g. Richard W. Heaps and medical bills.

Heaps will testify to past and future loss of income. Defendants argue there is no loss of income because Montgomery has been receiving workers compensation benefits from the date of his accident, and will continue to receive benefits into the future. They contend evidence regarding such losses would constitute an effort to obtain a double recovery.

Past and future lost income is a significant and legitimate part of most FELA claims. The Court can avoid double recovery by requiring the jury to fill out special interrogatories in its verdict, and then offsetting amounts awarded with amounts received or to be received.

"[T]he general rule in FELA cases is that evidence of payments made to plaintiff from collateral sources is not admissible." *Santa Maria v. Metro-North Commuter R.R.*, 81 F.3d 265, 273 (2d Cir. 1996). Defendants contend that payments from their workers compensation insurance carrier are not a collateral source; Plaintiff disagrees. In *Blake v. Delaware & Hudson Ry. Co.*, 484 F.2d 204 (2d Cir. 1973), the Second Circuit considered whether an insurance company's reimbursement to the railroad company for bills paid by the defendant railroad company toward a plaintiff's medical expenses could be included as an element of damages. The Court concluded that the reimbursement could properly be included, finding that defendant's insurer was a

11

collateral source.  *Id.* at 206.

The request to exclude the testimony of Heaps and evidence of medical bills is **denied.**  Any issue of set-off can be addressed post-trial.

> **h.    Statements or allegations of wilful, wanton or malicious conduct.**

Plaintiff does not object to the request that such words or phrases not be employed in connection with the accident.  The request is **granted.**

> **i.    "Day in the Life" video.**

The Court will review the video and determine whether any portions are unduly prejudicial and whether the comments made by Plaintiff's wife are admissible.

> **j.    Photographs of Plaintiff from childhood through adulthood.**

Plaintiff seeks to introduce a disc containing eleven photographs of himself at various stages of his life, depicting his physical health and enjoyment of recreational activities.  The photographs are relevant and not unduly prejudicial and may be introduced.  The request is **denied.**

> **k.    Evidence of subsequent remedial measures.**

Plaintiff does not intend to offer evidence of subsequent remedial measures, although he does intend to show that prior to the accident forklift operators were not certified and Defendants' operations did not comply with OSHA regulations.

12

Such evidence is not excluded by Fed. R. Evid. 407. The request is **granted** with respect to subsequent measures taken to have forklift operators certified and to comply with OSHA requirements.

    **l.    Financial support of family.**

Plaintiff agrees that loss of consortium claims are not available under the FELA, and does not intend to introduce any evidence or testimony concerning his financial support of his family. The request is **granted**.

    **m.    Attorney Joseph Paul O'Hara**.

Plaintiff has identified Attorney O'Hara as a potential witness concerning certain legal representations made in the Vermont trial court and Supreme Court. All Plaintiff seeks are matters that appear in various documents that are part of the public record. Defendants' request to preclude Plaintiff from calling Attorney O'Hara to testify as to the legal representations made in these courts is **granted**.

    **n.    Plaintiff's exhibits.**

The Court will address the various objections to Plaintiff's exhibits at the time they are proffered.

**5.    Plaintiff's Motion for Factual Findings**

Plaintiff seeks to introduce statements made by Defendants in state court proceedings which relate to the corporate interrelationship of the various defendants. In those

proceedings Defendants took the position they were all one entity for purposes of the definition of employer under the workers compensation statute.  Were the Court to permit Plaintiff to introduce these admissions, Defendants would seek to introduce evidence of positions taken by Plaintiff in that same litigation which are inconsistent with the positions taken in this litigation.  In the state proceedings, Plaintiff asserted the various corporations were not all the same entity, which is the opposite of the position taken by Plaintiff in this litigation.

The state proceedings involved the definition of employer for purposes of workers compensation coverage, which differed substantially from the issue before the Court in this case.  Moreover, the state courts never adopted the positions of either party.  As a result neither party can be estopped from taking any position they choose in the instant case.

Whether a particular defendant is an covered employer for purposes of FELA is a factual question.  Both parties will be allowed the opportunity to prove their case with regard to each of these entities.  Ultimately, the Court may be able to determine whether they are sufficiently interrelated to be legally treated as one entity.  That determination cannot be made until all of the evidence has been introduced and can be assessed.

Plaintiff's Motion for Factual Findings is **denied**.

For the reasons stated above, Plaintiff's Motion for Factual Findings (Doc. 157) is **denied;** Plaintiff's Motions in Limine (Docs. 162-170) are **granted in part, denied in part, denied in part as moot, and denied in part without prejudice;** Plaintiff's Supplemental Motion in Limine (Doc. 172) is **denied in part and denied in part without prejudice;** Defendants' Motion to Compel (Doc. 181) is **granted in part and denied in part and denied in part without prejudice**; Defendants' Motion for Certificate of Appealability and Motion for Stay (Docs. 184 & 186) is **denied;** and Defendants' Amended Motion in Limine (Doc. 188) is **granted in part, denied in part, denied in part as moot, and denied in part without prejudice**.

Dated at Burlington, in the District of Vermont, this 26th day of October, 2007.

/s/ William K. Sessions III
William K. Sessions III
Chief Judge
U.S. District Court
