UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

MICHAEL MONTGOMERY, MEAGAN MARIA      :
CLAPP, and AARON JOY MONTGOMERY,      :
    Plaintiffs,                       :
                                                 :
        v.                                :   Case No. 2:05-cv-251
                                                 :
NLR COMPANY; CHESHIRE HANDLING        :
CORPORATION, d/b/a RIVERSIDE          :
RELOAD CENTER; GREEN MOUNTAIN         :
RAILROAD CORPORATION, d/b/a GREEN     :
MOUNTAIN INTERMODAL; VERMONT          :
RAILWAY TRUCKING, INC.; VERMONT       :
RAILWAY, INC., d/b/a VERMONT RAIL     :
SYSTEMS; RAILWAY SERVICES, INC.;      :
and NEWLEASACO, INC.                  :
                                                 :
    Defendants.                        :

<u>MEMORANDUM and ORDER</u>

Defendants recently were permitted to amend their answer to
assert the defense of res judicata to the complaint in this case.
*See* Order dated August 30, 2007 granting Mot. to File Answer & to
Amend Answer to Respond to Pl.'s Compl. & to Add Affirmative
Defense of Res Judicata.  By letter dated September 25, 2007
Defendants requested that the Court rule on the merits of their
res judicata defense, the Court's previous rulings having
declined to do so on procedural grounds.  *See* Mem. & Order dated
Aug. 28, 2006 Den. Mot. for Recons. (Doc. 27); Mem. & Order dated
Sept. 24, 2007 Den. Mot. for Summ. J. (Doc. 161).  The Court
agreed to do so, and hereby rules that Plaintiff's FELA action is
not res judicata, for the reasons stated below.

Before commencing the current action, Plaintiff filed

complaints in the state Superior Courts of Windsor County and Windham County.  *See Montgomery v. NLR*, No. 236-5-03 Wrcv (Vt. Super. filed May 15, 2003); *Montgomery v. Cheshire Handling*, No. 51-2-05 Wmcv (Vt. Super. filed Jan. 31, 2005).  In *Montgomery v. NLR*, Defendant NLR successfully moved for judgment on the pleadings, on the grounds that workers compensation provided the exclusive remedy against his employer for negligence claims.  *See* Decision filed Sept. 18, 2003.  In support of NLR's motion, it furnished the affidavit of David W. Wulfson, president of NLR Company and of Vermont Railway, Inc. and related corporate entities, who swore that Montgomery was a W-2 employee of the NLR Company, and that "[a]t no time was . . . [he] employed by any other of our related corporate entities."  Wulfson Aff. dated June 30, 2003.  Montgomery's appeal was dismissed as untimely on February 12, 2004.  A motion to amend his suit to add Defendants was denied on January 7, 2005.

In *Montgomery v. Cheshire Handling*, Plaintiff sued Cheshire Handling, Riverside Reload Center, Green Mountain Railroad, Vermont Railway Trucking, Inc. and Vermont Railway, Inc. for negligence based on their ownership, possession or control of the premises where Montgomery worked.  These Defendants moved alternatively for dismissal for failure to state a claim or for summary judgment.

The Windham Superior Court granted the motion for summary

2

judgment, reasoning that Plaintiff's premises liability claims were untenable because the acts complained of involved negligent operations of NLR, rather than the defects or hazardous conditions for which a landlord could be held responsible.  The Superior Court was of the belief that Plaintiffs faced a "Catch-22:" were they to establish that the Defendants had enough control over the operations of NLR to be held responsible for its negligence, the Defendants would be entitled to rely on the exclusivity provision of the Workers' Compensation Act.  Order dated August 17, 2005 at 2.  The Court concluded that whatever Plaintiffs could discover about the relationship between Defendants and NLR, they would be unable to prove their claims, and dismissed the case.  *See* Judgment Order dated Sept. 6, 2005.

In connection with their motion in that case, Defendants argued that they are all the same business entity, including NLR, and thus were Montgomery's statutory employer for purposes of workers compensation.  In support of their argument they submitted another affidavit of Wulfson, who swore that he was the President of NLR Company, Vermont Railway, Inc., Vermont Railway Trucking, Inc., vice-president of Green Mountain Railroad Corp., and a director of Cheshire Handling Corp.  Wulfson attested to the fact that Vermont Railway, Inc., Vermont Railway Trucking, Inc. and Green Mountain Railroad Corp. were "duly registered Vermont railroad corporation[s]."  He gave details of the

3

companies' interconnectedness, and stated that NLR, Vermont Railway, Inc., Vermont Railway Trucking, Inc., Green Mountain Railroad Corp. and Cheshire Handling Corp. are all engaged in the business of loading, unloading, and transporting freight.  He stated that employees of any of these entities could have been doing the work that Montgomery did when he was injured: "[t]he type of work carried out by NLR Company, the dismissed Defendant, is the same type of work that could have been carried out by Vermont Railway, Inc., Vermont Railway Trucking, Inc., Green Mountain Railroad Corporation, and Cheshire Handling Corporation employees as part of the regular course of business."  Wulfson Aff. dated Mar. 15, 2005 ¶ 19.

Defendants in this case now argue that Plaintiff could have brought his FELA action in the state court actions, and thus it is barred by res judicata.

Res judicata, or claim preclusion, "prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding."  *Brown v. Felsen*, 442 U.S. 127, 131 (1979).  Section 1738 of Title 28, United States Code, "requires federal courts to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged."  *Kremer v. Chem. Const. Corp.*, 456 U.S. 461,

4

466 (1982).  A federal court must "refer to the preclusion law of
the State in which judgment was rendered" to determine the
preclusive effect of the judgment.  *Marrese v. Am. Acad. of
Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985).

Under Vermont law, "a final judgment in previous litigation
bars subsequent litigation if the parties, subject matter, and
cause(s) of action in both matters are the same or substantially
identical."  *Faulkner v. Caledonia County Fair Ass'n*, 869 A.2d
103, 107 (Vt. 2004).  "The doctrine applies both to claims that
were or should have been litigated in the prior proceeding."  *Id.*
Causes of action have been considered the same if the same
evidence will support the claims.  *Id.* at 108.  In *Faulkner*,
however, the Vermont Supreme Court adopted the Restatement
(Second) of Judgments' transactional approach, essentially
defining a plaintiff's claim as all of the remedial rights that
may derive from a transaction between a plaintiff and a
defendant.  *Id.* at 109.

The Defendants concede that a FELA claim and a state common
law negligence claim are not identical.  Defs.' Mem. at 3 (Doc.
179).  Although "the elements of a FELA claim are determined by
reference to the common law," *Norfolk Southern Ry. v. Sorrell*,
127 S. Ct. 799, 805 (2007), it is not an identical cause of
action.  A defendant cannot interpose defenses of assumption of
the risk or contributory negligence, for example.  *See id.*  A

"relaxed causation standard applies under FELA." *Consolidated Rail Corp. v. Gottshall,* 512 U.S. 532, 543 (1994) ("the test . . . is simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury . . . for which damages are sought."). Of more significance, a plaintiff must also prove that he was employed by a common carrier and that his job was in furtherance of interstate or foreign commerce. 45 U.S.C. § 51. And the exclusivity provision of workers compensation does not bar a FELA claim, as discussed in previous rulings.

Notwithstanding, although the causes of action are distinctly different, a literal reading of *Faulkner* would ordinarily indicate that under Vermont's transactional test Montgomery should have brought his FELA claim in his first state court action. There is no doubt that a state court could have entertained a FELA claim, given that state courts have concurrent jurisdiction over FELA claims. 45 U.S.C. § 56. *Faulkner* however did not address a situation where a plaintiff was unaware of the facts giving rise to a potential claim, a defendant took steps to maintain that ignorance, and no discovery was permitted in the earlier case. "Equating claim with transaction . . . is justified only when the parties have ample procedural means for fully developing the entire transaction in the one action going to the merits." Restatement (Second) of Judgments § 24 cmt. a

(1982).   At the time Montgomery filed his complaint in the
Windsor Superior Court he had no information that would support a
FELA claim because he had no means of establishing that he was an
employee of a railroad.  Wulfson's first affidavit attested that
Montgomery was not in fact an employee of any entity other than
NLR Company.  Montgomery's case was dismissed before he was able
to discover any facts that would suggest that he had a FELA
claim.  His subsequent motion to amend his complaint to add
defendants was denied.

     Moreover, there is more than a whiff of unfairness about the
Defendants' first proffered affidavit that NLR was Montgomery's
sole employer, followed by their second affidavit from the same
source that the various corporate entities are so intertwined
that an employee of any company might be doing the work performed
by Montgomery at NLR, followed by the position they take in this
Court that the companies are distinct entities, with NLR having
nothing to do with any railroad-related work.  Defendants
successfully avoided being subjected to the discovery that would
have provided a basis for Plaintiff's FELA claim, by obtaining a
dismissal from one court on the ground that NLR alone was
Montgomery's employer, and by obtaining a dismissal from another
court on the ground that the other defendants were all the same
entity as NLR, dismissed in the earlier suit.

     To be sure, there is no "general fairness exception" to

7

claim preclusion rules, *see* 18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 4415 (2d ed. 2002), but a showing of concealment or misrepresentation may justify an exception to the rules of repose.  *Id.*  The Court believes that this is such a case.  Because Defendants, through sworn affidavits submitted in judicial proceedings, successfully concealed the facts that could have alerted Montgomery to the existence of a FELA claim, and Montgomery was therefore prevented from obtaining any discovery that would have alerted him to its existence, they may not rely in this case on the defense of res judicata.  Absent discovery regarding the possibility that Montgomery could be deemed an employee of a railroad for purposes of FELA, he had no basis to file a FELA claim, and the FELA claim filed in this court is not res judicata.


        Dated at Burlington, in the District of Vermont, this 2nd day of November, 2007.


                                    /s/ William K. Sessions III
                                    William K. Sessions III
                                    Chief Judge
                                    U.S. District Court