UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

```
MICHAEL MONTGOMERY,                  :
        Plaintiff,                   :
                                     :
                                     :   Docket No. 2:05-cv-251
        v.                           :
                                     :
NLR COMPANY, CHESHIRE HANDLING       :
CORP., D/B/A RIVERSIDE RELOAD        :
CENTER, GREEN MOUNTAIN RAILROAD      :
CORP., D/B/A GREEN MOUNTAIN          :
INTERMODAL, VERMONT RAILWAY          :
TRUCKING, INC., VERMONT RAILWAY,     :
INC., D/B/A VERMONT RAIL SYSTEMS,    :
RAIL SERVICES INC., NEWLEASECO,      :
INC.,                                :
        Defendants.                  :
```

MEMORANDUM AND ORDER

Plaintiff has requested that the Court issue a jury instruction regarding Defendants' statute of limitations defense. In particular, Plaintiff requests that the Court charge the jury that the statute of limitations for suits commenced under the Federal Employers Liability Act ("FELA") begins to accrue when the Plaintiff is "able to discover all of the essential elements of a possible cause of action." The Court finds that this charge does not convey the correct legal standard for determining accrual under FELA. Furthermore, based on the factual record

1

developed in the case, the Court finds that no charge on accrual is mandated.

In proposing a legal standard on the issue of accrual, Plaintiff relies on particularly broad language drawn from *Zeidler v. United States*, 601 F.2d 527, 527-28 (10th Cir. 1979). The proposed language is inapposite for two reasons. First, the *Zeidler* case is readily distinguishable on the facts: *Zeidler* involved a young man who was negligently lobotomized (and thus lost all mental capacity). Thus, the Tenth Circuit in *Zeidler* was addressing the issue of accrual in a medical malpractice claim brought under the Federal Tort Claims Act ("FTCA"). In this specific context, the Tenth Circuit held that such an action will accrue "when the claimant discovers or in the exercise of reasonable diligence should have discovered the alleged malpractice." *Id.* at 529.

Second, and more fundamentally, to the extent that *Zeidler* represents an unusually broad formulation of the "discovery rule", it is no longer good law in light of the Supreme Court's holding in *United States v. Kubrick*, 444 U.S. 111 (1979). In *Kubrick*, the Court held that a medical malpractice claim under the FTCA accrues when the plaintiff learns of the existence and cause of his injury. *Id*. at 122; *see Fries v. Chicago and Northwestern Transp. Co.*, 909 F.2d 1092 (7th Cir. 1990) (holding that accrual under FELA occurs when plaintiff knew or should have

known, in exercise of reasonable diligence, of essential facts of injury and cause).  In fact, all of the other case law cited by the Plaintiff in its briefing on this point indicates that the correct standard for determining accrual, even in the context of medical malpractice claims under the FTCA, turns solely on knowledge of the existence and cause of the injury, "whether or not [plaintiff] has reason to believe that he has an actionable claim."  *Dundon v. United States*, 559 F. Supp. 469 (E.D.N.Y. 1983); *see also Clifford v. United States*, 738 F.2d 977 (8th Cir. 1984).

This Court thus finds that the relevant inquiry for determining when the cause of action accrued in this case depends on a factual determination as to when the Plaintiff knew or should have known, exercising reasonable diligence, of the existence and cause of his injury. *Fries*, 909 F.2d at 1095.  The Court further notes that there is undisputed testimony on the record from the Plaintiff that he was conscious of the existence and cause of his injury at the time that he originally sustained the injury on August 20, 2007: at the time of the accident, Plaintiff was initially "conscious, alert and oriented."  There is no factual basis for a jury to conclude that the cause of action did not accrue on August 20, 2007.  In fact, the inclusion of a charge to the jury on the issue of accrual is likely to spur needless confusion.  Therefore, the court declines to charge the

3

jury with respect to accrual under the statute of limitations.

To the extent that Plaintiff has presented evidence that he was mentally incapacitated as a result of his injuries, this evidence is relevant to the issue of equitable tolling of the statute of limitations.  The Court will consider such evidence in determining whether equitable tolling is warranted.

Dated at Burlington, Vermont this 2nd day of November, 2007.

/s/ William K. Sessions III
William K. Sessions III
United States District Court