```
               UNITED STATES DISTRICT COURT
                        FOR THE
                   DISTRICT OF VERMONT

MICHAEL MONTGOMERY, MEAGAN MARIA     :
CLAPP, and AARON JOY MONTGOMERY,     :
     Plaintiffs,                     :
                                     :
          v.                         :    Case No. 2:05-cv-251
                                     :
NLR COMPANY; CHESHIRE HANDLING       :
CORPORATION, d/b/a RIVERSIDE         :
RELOAD CENTER; GREEN MOUNTAIN        :
RAILROAD CORPORATION, d/b/a GREEN    :
MOUNTAIN INTERMODAL; VERMONT         :
RAILWAY TRUCKING, INC.; VERMONT      :
RAILWAY, INC., d/b/a VERMONT RAIL    :
SYSTEMS; RAILWAY SERVICES, INC.;     :
and NEWLEASACO, INC.                 :
                                     :
     Defendants.                     :
```

MEMORANDUM and ORDER

Following a jury verdict for the Defendants, Plaintiff Michael Montgomery[1] moves, pursuant to Federal Rules of Civil Procedure 59(a) and (e), for a new trial or in the alternative that the Court alter or amend the judgment. Specifically, he contends that the jury's finding that the Defendants were not acting as a single business enterprise was against the weight of the evidence and that to let the verdict stand would result in manifest injustice. For the reasons that follow, the motion (Docs. 235 & 236) is **denied.**

**Facts**

This FELA action stemming from a catastrophic forklift

---

[1] The remaining plaintiffs were dismissed with prejudice by stipulation prior to trial.

accident was tried to a jury between October 30, 2007 and November 2, 2007.  The jury found that Montgomery was not a railroad employee under FELA, and that therefore the Defendants[2] were not liable under FELA.  Specifically, on the verdict form the jury answered "no" to the question:  "Has Plaintiff proven by a preponderance of the evidence NLR acted as a single business enterprise with Vermont Railway, Inc. d/b/a Vermont Rail Systems, or Green Mountain Railroad Inc. and that Plaintiff was therefore a "Railroad Employee" under FELA?"[3]

The key witnesses with respect to the single business enterprise issue were David Wulfson and his sister Lisa Wulfson.  The Wulfsons are corporate officers and part owners of all Defendants.  At the time of the accident David Wulfson was the president of Vermont Railway, Inc. and NLR Company.  Lisa Wulfson was the vice-president of Vermont Railway, Inc. and the vice-president and secretary-treasurer of NLR Company.  David Wulfson testified that Vermont Rail Systems was designed to place the Defendants under a single marketing umbrella, to portray the companies as an integrated provider of freight transportation

---

[2]  Defendants Cheshire Handling Corporation, Vermont Railway Trucking, Inc., Railway Services, Inc. and Newleasaco Inc. were dismissed by stipulation before the case was submitted to the jury.

[3]  It was undisputed that Montgomery was an employee of NLR Company, and that NLR Company was not a railroad for purposes of FELA.

services.  Employees of the various Wulfson companies used the same domain name for e-mail, were covered by the same 401(k) plan, and were insured under a single employee benefit plan.  The corporations shared the same street address, the same offices and the same registered agent.  The corporations have common stockholders and common officers, and share employees and equipment.

According to the evidence, during the relevant time period, NLR Company, Montgomery's employer, consisted of a file drawer in an office, and existed essentially to write payroll checks.  The land where the accident occurred was owned by Green Mountain Railroad, Vermont Railway Services owned the truck assigned to Montgomery to drive, and the truck bore the Vermont Railway logo exhibited on the common website.  The forklift that struck Montgomery was leased by Green Mountain Railroad.  The general manager for Vermont Railway and Green Mountain Railroad was assigned to investigate the accident for the company.

David Wulfson also testified that each company is operated individually, and that they hold separate annual meetings, file separate tax returns, annual reports and annual corporate filings with the state of Vermont.  Each corporation maintains separate payrolls.  Lisa Wulfson testified that each corporation maintains separate accounting books.

The jury was instructed that

The parties agree that two of the defendants -- Vermont Railway, Incorporated, and Green Mountain Railroad Corporation -- are railroads engaged in interstate commerce. The parties also agree that the plaintiff was employed by NLR Company. Plaintiff contends that he was, in essence, employed by Vermont Railway, Incorporated, and Green Mountain Railroad Corporation, because all of the defendants acted as a single business enterprise. This amounts to a claim that the defendant corporations should be treated as being a single entity under the law and that the separate corporate existence of NLR Company should be disregarded for the purposes of determining liability under FELA. . . .

A corporation, generally, is a separate legal entity authorized under the law to do business in its own right and on its own credit as distinguished from the credit and assets of other persons or corporations. Additionally, the mere fact that one or two individuals own and control the stock structure of a corporation, or that two corporations have common officers or directors, does not mean that the corporate existence should be disregarded.

However, when corporations are not operated as separate entities, but rather integrate their resources to achieve a common business purpose, each constituent corporation may be held liable for the debts incurred in pursuit of that business purpose. In making this determination, you should evaluate all of the evidence concerning the operation and control of the defendant corporations.

In particular, you may consider the following factors: common corporate directors and officers; shared employees; shared offices and business addresses; common equipment and work areas; blending of corporate identity and marketing materials; common business names; accounting practices, including separate tax returns, payrolls and paycheck deductions; employee benefits; separate corporate meetings; annual filings with the state; corporate books; and services rendered by the employees of one corporation on behalf of another corporation.[4]

---

[4] At Defendants' request, and without objection from Montgomery, two additional factors: undocumented transfer of funds between corporations, and unclear allocation of profits and losses between corporations, were deleted from the charge.

4

> Not every factor must point in the same direction, but the preponderance of the evidence must indicate that there was sufficient commonality of business purpose to find that the corporations acted as a single business enterprise.

(Trial Tr. vol. 4, 156:4-158:4, Nov. 2, 2007.) Montgomery did not object to this instruction.

## Discussion

I.  <u>Motion for a new trial</u>

This Court will not grant a new trial under Fed. R. Civ. P. 59(a) "unless it is convinced that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice." *Smith v. Lightning Bolt Prods., Inc.*, 861 F.2d 363, 370 (2d Cir. 1988). "A motion for a new trial may be granted even if there is substantial evidence to support the jury's verdict," *United States v. Landau*, 155 F.3d 93, 104 (2d Cir. 1998), "when the jury's verdict is against the weight of the evidence." *DLC Mgmt. Corp. v. Town of Hyde Park*, 163 F.3d 124, 133 (2d Cir. 1998). The Court "is free to weigh the evidence [itself], and need not view it in the light most favorable to the verdict winner," but "bear[s] in mind . . . that [it] should only grant such a motion when the jury's verdict is 'egregious.'" *Id.* at 134 (quoting *Dunlap-McCuller v. Riese Org.*, 980 F.2d 153, 158 (2d Cir. 1992)).

Given these standards, a new trial or amended judgment is not warranted. Although Montgomery presented credible evidence

that would have permitted the jury to conclude that NLR Company, Vermont Railway, Inc. and Green Mountain Railroad acted as a single business enterprise, the record also contained credible evidence from which the jury could conclude that the corporations operated as separate entities.  In addition to the Wulfsons' testimony on this point, Montgomery's own testimony lent support to the jury's conclusion that NLR Company did not act as a single business enterprise with the railroad corporations and that therefore he was not a railroad employee.  Specifically, on cross-examination Montgomery stated:

>     A:   I never knew I worked for the railroad until it
>          was stated in court that you were all in one
>          entity.
>     Q:   Let me talk about that for a second.  As far as
>          you know, you are an employee of NLR and only NLR,
>          correct?
>     A:   Yes.
>     Q:   So when you worked at NLR, you always operated and
>          knew that you were an employee of NLR, correct?
>     A:   I knew, yes.

(Trial Tr. vol. 1, 126:25-127:7, Oct. 30, 2007.)  Montgomery also confirmed that he took his work orders from NLR employees, and not from any railroad company employee.

Given that substantial credible evidence supported the jury's conclusion that Montgomery had not proven that the companies acted as a single business enterprise, the jury's verdict was neither "egregious," "seriously erroneous," nor a "miscarriage of justice."  Montgomery's motion for a new trial is **denied.**

II. <u>Motion to alter or amend</u>

A district court may alter or amend a judgment under Fed. R. Civ. P. 59(e) "'to correct a clear error of law or prevent manifest injustice.'" *Munafo v. Metro. Transp. Auth.*, 381 F.3d 99, 105 (2d Cir. 2004) (quoting *Collision v. Int'l Chem. Workers Union, Local 217*, 34 F.3d 233, 236 (4th Cir. 1994)). In a brief paragraph, Montgomery asks that the court find as a matter of law that the Defendants operated as a single corporate entity and that Montgomery is a FELA employee, or to reconsider its pre-trial decision denying his Motion for Factual Findings (Doc. 157).

In its October 26, 2007 Memorandum and Order the Court ruled that the issue of whether NLR Company was a covered employer for purposes of FELA required factual development at trial. (Mem. & Order 14 (Doc. 212)). Montgomery did not move for judgment as a matter of law on this point at the close of his case nor at the close of the evidence. Nevertheless, he seeks reconsideration or a ruling as a matter of law based on the evidence presented at trial. As discussed above, the credible evidence at trial could have supported a jury's conclusion that NLR Company operated as a distinct corporate entity, as well as the conclusion that Montgomery desired, that Defendants operated as a single business enterprise. The Court discerns no clear legal error, nor will allowing the verdict to stand work manifest injustice.

7

Montgomery's motion to alter or amend the judgment is **denied.**

Dated at Burlington, in the District of Vermont,this 31st day of January, 2008.

<u>/s/ William K. Sessions III</u>
William K. Sessions III
Chief Judge
U.S. District Court